# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| STANLEY K. PAUL, | * |
| | * |
| | *    No. 17-78V |
| Petitioner, | *    Special Master Christian J. Moran |
| | * |
| v. | * |
| | *    Filed: May 17, 2021 |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | *    Entitlement; dismissal. |
| | * |
| Respondent. | * |

* * * * * * * * * * * * * * * * * * * *

Nancy R. Meyers, Turning Point Litigation, Greensboro, NC, for petitioner;
Claudia B. Gangi, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Stanley K. Paul alleged that the influenza ("flu") vaccine he received on October 27, 2015, caused him to suffer injuries, including polymyalgia rheumatica and chronic inflammatory polyarthritis. Pet., filed Jan. 17, 2017, at 1, 3. On December 11, 2020, Mr. Paul moved for a decision dismissing her petition.

### I. Procedural History

Stanley Paul ("petitioner") filed a petition on January 17, 2017. He then filed relevant medical records, which were complete on February 17, 2017. The Secretary then filed his Rule 4(c) report on August 17, 2017. In the report, the

---

[1] The E-Government, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Secretary challenged petitioner's alleged diagnoses, as well as causation. Resp't's Rep. at 7-10.

After a status conference was held on August 29, 2017, the parties elected to engage in settlement discussions, which were halted due to factual disputes regarding diagnosis and onset of symptoms. See Resp't's Status Rep., filed Oct. 30, 2017. Between late 2017 and September 2018, the parties arranged, conducted, and filed transcripts of depositions to determine these factual issues in lieu of a fact hearing. On September 14, 2018, petitioner filed a motion for finding of fact regarding onset. On November 8, 2018, the undersigned then issued an order tentatively finding that petitioner's condition began two and a half days following vaccination and encouraged the Secretary to explore the possibility of settlement and for the parties to address the issue of diagnosis.

Between November 2018 and September 2019, petitioner gathered information relevant to diagnosis and the parties explored the potential for settlement. However, on September 23, 2019, petitioner filed a status report stating that the Secretary no longer wished to pursue settlement negotiations, at which point the undersigned issued expert instructions to facilitate the process of presenting expert reports. Petitioner filed an expert report and supplemental expert report from Dr. Gershwin on April 16, 2020, and May 18, 2020, respectively, and the Secretary filed a responsive expert report from Dr. Miner on October 9, 2020.

On October 22, 2020, the undersigned held a status conference with the parties discussing the persuasiveness of Dr. Miner's report and the potential relevance of Tullio v. Secretary of Health & Human Services, No. 15-51V, 2019 WL 7580149 (Fed. Cl. Spec. Mstr. Dec. 19, 2019), mot. for rev. denied, 149 Fed. Cl. 448 (2020), and Forrest v. Secretary of Health & Human Services, No. 14-1046, 2019 WL 925495 (Fed. Cl. Spec. Mstr. Feb. 26, 2019), to the claim in this case. After consulting with Dr. Gershwin, petitioner filed a motion for a decision dismissing the case on December 11, 2020, stating that "[a]n investigation of the facts and supporting science has demonstrated to the Petitioner that he will be unable to prove he is entitled to compensation" and that he "understands that a Decision by the Special Master dismissing his Petition will result in a Judgment against him." Pet'r's Mot., filed Dec. 11, 2020, ¶¶ 1, 3. The Secretary did not file a response to petitioner's motion. Therefore, this matter is ready for adjudication.

## II. Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

In this case, petitioner filed medical records and expert reports in support of his claim, but wishes to have his claim dismissed and judgment entered against him. Though petitioner filed this motion pursuant to 42 U.S.C. § 300aa—21(a) (regarding voluntary dismissal), the undersigned will construe this as a motion filed pursuant to 42 U.S.C. § 300aa—21(b) (regarding involuntary dismissal), given petitioner's clear intent that a judgment issue in this case, protecting his right to file a civil action in the future. See Pet'r's Mot., filed Dec. 11, 2020, ¶¶ 3, 5.

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law." Here, as addressed in the order issued by the undersigned on October 22, 2020, this claim, without additional evidence distinguishing it from the claims put forth in Tullio and Forrest, the evidence weighs against a finding that Mr. Paul developed rheumatoid arthritis as a result of the flu vaccine.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

                                        s/Christian J. Moran
                                        Christian J. Moran
                                        Special Master