# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * * * *
STANLEY K. PAUL,                         *
                                         *    No. 17-078V
                 Petitioner,             *    Special Master Christian J. Moran
                                         *
v.                                       *    Filed: September 21, 2021
                                         *
SECRETARY OF HEALTH                      *    Attorneys' Fees and Costs;
AND HUMAN SERVICES,                      *    reasonable rate for expert
                                         *
                 Respondent.             *
* * * * * * * * * * * * * * * * * * * * *
```

Nancy R. Meyers, Turning Point Litigation, Greensboro, NC, for Petitioner;
Claudia B. Gangi, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On December 16, 2020, petitioner Stanley Paul moved for final attorneys' fees and costs. He is awarded **$83,409.94.**

\* \* \*

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On January 17, 2017, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the influenza vaccination he received on October 27, 2015, caused him to suffer injuries, including polymyalgia rheumatica and chronic inflammatory polyarthritis. Petition at 1. At the request of the parties, in lieu of a fact hearing, the undersigned issued an order on November 8, 2018, finding that petitioner's condition began two and a half days following vaccination and encouraged respondent to explore the possibility of settlement. For approximately one year thereafter, the parties engaged in settlement discussions. However, on September 23, 2019, petitioner indicated that respondent no longer wished to pursue settlement negotiations, and the parties proceeded to file expert reports, with petitioner retaining Dr. M. Eric Gershwin and respondent retaining Dr. Miner.

On October 22, 2020, the undersigned held a status conference with the parties discussing the persuasiveness of Dr. Miner's report and the potential relevance of Tullio v. Secretary of Health & Human Services, No. 15-51V, 2019 WL 7580149 (Fed. Cl. Spec. Mstr. Dec. 19, 2019), mot. for rev. denied, 149 Fed. Cl. 448 (2020), and Forrest v. Secretary of Health & Human Services, No. 14-1046, 2019 WL 925495 (Fed. Cl. Spec. Mstr. Feb. 26, 2019), to the claim in this case. After consulting with Dr. Gershwin, petitioner filed a motion for a decision dismissing the case on December 11, 2020, stating that "[a]n investigation of the facts and supporting science has demonstrated to the Petitioner that he will be unable to prove he is entitled to compensation" and that he "understands that a Decision by the Special Master dismissing his Petition will result in a Judgment against him." Pet'r's Mot., filed Dec. 11, 2020, ¶¶ 1, 3. On May 17, 2021, the undersigned issued his decision denying compensation. 2021 WL 2532924 (Fed. Cl. Spec. Mstr. May 17, 2021).

On December 16, 2021, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $61,983.25 and attorneys' costs of $22,426.69 for a total request of $84,409.94. Fees App. at 8. Pursuant to General Order No. 9, petitioner warrants that he has not personally incurred any costs related to the prosecution of his case. Fees App. Ex. 5. Respondent failed to file a response within the allotted time and petitioner did not file a reply. The matter is now ripe for disposition.

*   *   *

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although

2

petitioner's claim was ultimately unsuccessful, the undersigned finds that good faith and reasonable basis existed throughout the matter.  Respondent also has not challenged the reasonable basis of the claim. A final award of reasonable attorneys' fees and costs is therefore proper in this case.  See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.").

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

### A.   Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work during this period was done outside of the District of Columbia.

Petitioner requests the following hourly rates for the work of his counsel, Ms. Nancy Meyers: $350.00 per hour for work performed in 2016 and 2017, $375.00 per hour for work performed in 2018, $390.00 per hour for work performed in 2019, and $400.00 per hour for work performed in 2020. These rates are consistent with what Ms. Meyers has previously been awarded for her Vaccine

Program work, and the undersigned finds them to be reasonable herein. See Barreiro v. Sec'y of Health & Human Servs., No. 18-1238V, 2021 WL 3053026, at *2 (Fed. Cl. Spec. Mstr. Jun. 15, 2021); Cooper v. Sec'y of Health & Human Servs., No. 17-408V, 2021 WL 1120982 (Fed. Cl. Spec. Mstr. Feb. 26, 2021); Millender v. Sec'y of Heath & Human Servs., No. 17-274V, 2018 WL 4579894, at *4 (Fed. Cl. Spec. Mstr. Aug. 22, 2018).

      B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

Upon review of the submitted billing records, the undersigned finds most time billed to be reasonable. The timesheet entries are sufficiently detailed such that the undersigned can assess their reasonableness. To counsel's credit, care has been taken to go back and retroactively not bill for some tasks which the undersigned has previously noted are clerical or redundant. See, e.g., Berlin v. Sec'y of Health & Human Servs., No. 17-230V, 2018 WL 5816635 (Fed. Cl. Spec. Mstr. Sept. 26, 2018). The only reduction the undersigned finds necessary is for paralegal time billed downloading various documents, such as medical records which were already received and various court filings, for filing documents, and for receipt and review Court notices, particularly those relating to documents just filed by petitioner. The time it takes to download a document is essentially zero and while it is not unreasonable for counsel to download these, the task should be folded into the time pertaining to its review. The undersigned also notes that Ms. Meyers billed her usual rate for making travel arrangements.

Upon review, the undersigned finds that a $1,000.00 reduction is reasonable to offset the noted issues. Accordingly, petitioner is awarded final attorneys' fees of $60,983.25.

      C.    Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $22,426.69 in costs. This amount is comprised of acquiring medical records, postage, the Court's filing fee, costs associated with the depositions, and work

performed by petitioner's medical expert, Dr. Gershwin. The deposition costs include the cost of travel (e.g., airfare, lodging, and food), the cost of the doctors for their time attending the deposition (for Dr. Rex Adams, $300.00 per hour for two hours, and for Dr. Carolyn Dennehey, $400.00 per hour for two hours), the use of the video equipment, and the cost of preparing transcripts of the depositions ($4,861.55 in total). Petitioner has provided adequate documentation of these costs and they appear reasonable in the undersigned's experience.

For the work of Dr. Gershwin, petitioner seeks reimbursement of 25.75 total hours of work billed at $500.00 per hour for review of medical records/depositions and the preparation of two reports. Dr. Gershwin's hourly rate is consistent with what he has previously been awarded and the hours billed appear reasonable given the amount of material (including deposition videos) that he had to review to prepare his reports. See Eamick v. Sec'y of Health & Human Servs., No. 15-519V, 2020 WL 2467081, at *3 (Fed. Cl. Spec. Mstr. Apr. 10, 2020). Accordingly, petitioner is awarded the full amount of costs sought.

D.   Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$83,409.94** (representing $60,983.25 in attorneys' fees and $22,426.69 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and his attorney, Ms. Nancy Meyers.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.